**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYAND**
Northern Division

| | |
|---|---|
| **KENNETH NEWBY** <br> 13620 Laughing Gull Dr <br> Charlotte, NC 28278 <br><br> **Plaintiff,** <br><br> v. <br><br> **PAUL BEREZ, MD** <br> 2200 Defense Highway <br> Suite 103 <br> Crofton, MD 21114 <br><br> and <br><br> **MEDSTAR MEDICAL GROUP OF SOUTHERN MARYLAND** <br> 5565 Sterrett Place <br> Columbia, Maryland 21044 <br><br> and <br><br> **MEDSTAR SHAH MEDICAL GROUP** <br> 5565 Sterrett Place <br> Columbia, Maryland 21044 <br><br> **Defendants.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : **Civil Case No.:** <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**COMPLAINT**
**(Medical Negligence)**

**PARTIES**

1. Plaintiff Kenneth Newby is an adult citizen who currently resides in Charlotte, North Carolina.

2. MedStar Medical Group of Southern Maryland and MedStar Shah Medical Group are corporations organized under the laws of the State of Maryland and engaged in

the business of providing medical and related services, and at all times relevant to this action these Defendants were the actual and apparent employers of Dr. Paul Berez.

3. MedStar Medical Group of Southern Maryland and MedStar Shah Medical Group are health care providers within the meaning of Title 3, Subtitle 2A of the Courts and Judicial Proceedings Article, Ann. Code of Md.  The claims against these health care providers are based upon the vicarious liability of its involved principles, agents (actual or apparent), servants and/or employees as it relates to the care and treatment of claimant, Kenneth Newby.

4. Defendant Dr. Paul Berez has been engaged in the practice of medicine in Prince George's County and/or Anne Arundel County, Maryland.  Upon information and belief, at all times relevant to this action, Dr. Berez was the actual and apparent employee MedStar Medical Group of Southern Maryland and/or  MedStar Shah Medical Group and was acting within the scope of his employment.

5. At all times relevant, Defendant MedStar Medical Group of Southern Maryland and/or  MedStar Shah Medical Group  were in the business of providing health care services, through its employees and/or real and/or ostensible agents in Prince George's County and Anne Arundel County,  Maryland.

6. At all times relevant hereto, Defendant Dr. Berez held himself out as competent to practice medicine, and at all times relevant herein was duly licensed in Maryland to provide health care services to persons in need thereof, including Plaintiff Kenneth Newby.

7. At all times relevant herein, Defendant Dr. Berez held himself out as an employee, principal and/or real and/or ostensible agent of Health Care Providers MedStar Medical Group of Southern Maryland and/or MedStar Shah Medical Group.

8. A Statement of Claim was initially filed with the Maryland Health Claims Alternative Dispute Office ("HCADO") on May 25, 2018. Plaintiff's Expert Report and Certificate of Qualified Expert were filed on July 2, 2018. A request to waive out of HCAO was filed on July 2, 2017, and an Order was signed by HCADO Chair Harry Chase dated July 5, 2017, granting the request to waive out of HCADO.

9. Based on the complete diversity of the parties, jurisdiction is proper in the United States District Court for Maryland, pursuant to 28 U.S.C. §1332. Venue is proper in the Northern Division since the care at issue occurred in Anne Arundel County, Maryland.

10. The matter in controversy well exceeds the sum or value of $75,000.

**FACTS**

11. In 2014, Plaintiff Kenneth Newby began experiencing fatigue and went to the Defendants for care and treatment. He was diagnosed with anemia in March of 2014. His prior colonoscopy was negative.

12. In the spring of 2015, Kenneth Newby was still experiencing fatigue and he was prescribed iron pills. The plan by Defendant Dr. Berez was to do labs. The patient was told to return in three months.

13. In September 2015, Plaintiff Kenneth Newby returned as directed and complained again of fatigue. Defendant Dr. Berez did not send the patient for any

imaging or do any work up. Mr. Newby was not referred to a gastroenterologist for endoscopy.

14. Mr. Newby returned in November 2015 with complaints of low back pain. No follow up or investigating imaging or testing was done by the Defendants.

15. Mr. Newby returned again in January of 2016. No additional work up was done.

16. Mr. Newby returned again in or around April of 2016 with complaints of blood in his urine.

17. Mr. Newby was finally referred and his colon cancer is diagnosed in the fall of 2016.

18. Mr. Newby has terminal colon cancer as a result of the significant delay in diagnosis.

## COUNT I
**(Medical Negligence)**

19. Plaintiff incorporates by reference paragraphs 1 through 18 above.

20. Plaintiff further alleges that, at all times relevant to the allegations herein, he had a health care provider-patient relationship with the Defendants. Accordingly, Plaintiff alleges that the Defendants had a duty to provide Plainitff with medical treatment consistent with the applicable standard of care under the same or similar circumstances.

21. Plaintiff further alleges that the Defendants failed to utilize the degree of care and skill, which is expected of reasonably competent practitioners in the same field

to which they belong, acting in the same or similar circumstances and as a result, Plaintiff Kenneth Newby suffered serious life threatening complications and sequelae, including physical pain and suffering, loss of chance of survival and other damages including impacting his quality of life and ability to work and emotional distress for the loss.

22. The negligent care and/or treatment by the Defendants included, but was not limited to, the following:

   a. Failure to inform Kenneth Newby of the potential significance of his anemia and/or abnormal labs and to refer him for prompt specialty work up, including further imaging and colonoscopy.

   b. failure to order additional imaging and testing in 2015 and early 2016 to work up and obtain a medical explanation for the fatigue and anemia; and

   c. failure by the Defendants to otherwise act as reasonably prudent health care providers under the circumstances.

23. Plaintiff further alleges that, as a direct and proximate result of the negligent acts and/or omissions of the Defendants, as aforesaid, Plaintiff incurred permanent injuries and damages.

24. As a further result of the Defendants' departures from applicable standards of care, Plaintiff has suffered, and continues to suffer, injuries including physical pain and suffering, emotional distress past and future and other damages.

25. As a further direct and proximate result of the negligence of the Defendants, the Plaintiff has suffered and will continue to suffer much physical pain, suffering, associated embarrassment, inconvenience, and mental anguish.

26. As a further direct and proximate result of the negligence of the Defendants, Plaintiff has incurred substantial medical expenses, and will incur future medical and related expenses, including but not limited to, corrective surgical procedures, past and future physician evaluations, repeated hospitalizations and surgeries, and other related injuries and the loss of chance of survival.

WHEREFORE, Plaintiff Kenneth Newby demands judgment against Defendants Paul Berez, MD and MedStar Medical Group of Southern Maryland and MedStar Shah Medical Group, jointly and severally, in an amount in excess of $75,000.

## Count II
### (Lack of Informed Consent)

27. Plaintiff Kenneth Newby asserts a separate claim for damages caused by the Defendants' failure to obtain informed consent and incorporates by reference the allegations contained in paragraphs 1-26 as if fully set forth herein.

28. Plaintiff was not referred to a specialist for timely work up and diagnosis of his anemia and fatigue.

29. Plaintiff was not informed of the material and foreseeable risks and complications of the delay in the work up of these worrisome persistent symptoms including imaging, referral and treatment by appropriate specialists to diagnose and cure the cancer

30. If Plaintiff, or any reasonable person in Plaintiff's position, had been fully informed of the options and the material and foreseeable risks of the delay in the referral and treatment by appropriate specialists, Plaintiff would have obtained a timely

appointment with an appropriate specialist and would have been timely diagnosed, treated and cured without any permanent sequelae.

WHEREFORE, Plaintiff Kenneth Newby demands judgment against Defendants Paul Berez, MD and MedStar Medical Group of Southern Maryland and MedStar Shah Medical Group, jointly and severally, in an amount in excess of $75,000.

## JURY TRIAL DEMAND

Plaintiff demands a jury on all the above claims.

Respectfully Submitted,

**BERTRAM LAW GROUP**

_/s/ Catherine D. Bertram_____
Catherine Bertram  #07115
cbertram@blg-dc.com
1100 Vermont Ave., NW
Suite 500
Washington, DC 20005
Ph: (202) 803-5800
Fax: (202) 803-6814
*Attorney for Plaintiffs*